[No. A067930. First Dist., Div. Four. Dec. 20, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
GLENNELL WITCHER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Susan D. Shors, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Thomas A. Brady and Don Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

ANDERSON, P. J.—Glennell Witcher (appellant) was charged by information with two counts of petty theft with a prior conviction. (Pen. Code,[1] § 666.) Two separate priors were charged in connection with the section 666 counts—a 1987 second degree robbery conviction and a 1990 second degree burglary conviction.[2] The 1987 robbery conviction was also alleged as a "strike" pursuant to section 667, subdivisions (c), (d) and (e), and the sentence served on that conviction was charged as the basis for a section 667.5, subdivision (b), prior prison term enhancement allegation.

Prior to trial, appellant admitted the two priors for section 666 purposes. The jury found appellant guilty of both petty theft charges. Prior to sentencing appellant admitted his second degree robbery conviction for both section 667, subdivisions (b), (d), and (e), and section 667.5, subdivision (b), purposes. The trial court then sentenced appellant to a prison term of 48 months under the "two strikes" provisions of section 667—twice the lower term on the first section 666 conviction (32 months) plus twice one-third the middle term on the second conviction (16 months).

Appellant's principal claim on appeal is that his admission of the two priors was not voluntary and intelligent for section 666 and sentencing purposes. He advances an additional challenge to the validity of his conviction—that he was prejudiced by the jury's alleged receipt of written instructions addressing appellant's prior convictions which were not read to the jury and which the court did not intend to give. He also challenges his sentence on several bases. We reverse the imposition of sentencing enhancements, but otherwise affirm.

## I.   THE COURT'S INADEQUATE ADMONITIONS NECESSITATE A NEW TRIAL CONCERNING THE TRUTH OF THE PRIOR CONVICTIONS

When a plea of guilty is entered by a defendant, he must be admonished about three constitutional rights: (1) the privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers; in addition, the defendant must waive those rights knowingly and voluntarily. (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]; *People* v. *Howard* (1992) 1 Cal.4th 1132, 1176-1179 [5 Cal.Rptr.2d 268, 824 P.2d 1315].) The same procedures must be employed for admission

---

[1] All further statutory references are to the Penal Code.

[2] Two other counts originally part of the information were dismissed on motion of the prosecution prior to trial.

of prior convictions for sentencing purposes. (*In re Yurko* (1974) 10 Cal.3d 857, 863 [112 Cal.Rptr. 513, 519 P.2d 561].) In addition to admonition of these constitutional rights our Supreme Court has declared "as a judicially declared rule of criminal procedure" that an accused is entitled to be advised: (1) of any habitual criminal consequences, (2) of the precise increase in term which might be imposed, and (3) of the effect on eligibility for parole. (*Id.* at p. 864.) The failure to secure an express waiver of each enumerated right is, however, not reversible per se. (*People* v. *Howard, supra,* 1 Cal.4th at pp. 1177-1179.) The test is whether or not the record indicates that the admission was voluntary and intelligent "under the totality of the circumstances." (*Id.* at p. 1178.) We now examine the record to determine whether or not appellant's admissions were intelligent and voluntary.

## A. *The Admissions Prior to Trial*

Just prior to the start of trial, the district attorney dismissed two counts of the information. The court then asked appellant's counsel if appellant were planning to admit the two priors. Appellant's counsel (Edward Rojas) said that appellant was planning to do so and to testify in his own behalf. The district attorney (Stephen Hall) then stated: "Your honor, perhaps for the sake of the record as well as counsel for [appellant] if the court could inquire and explain to [appellant] his rights relative to these issues."

The court then explained to appellant that two counts of the information had been dismissed. The court went on to explain the remaining charges to appellant: ". . . Now . . . in those two offenses you're charged with the same allegation a violation of 666 of the Penal Code. The first count one alleges that that occurred on the 23rd of April, 1994, and it is alleged that you . . . did willfully and unlawfully steal . . . the personal property of another . . . said defendant having been previously convicted of the following crimes and having served a term therefor in a penal institution or having been imprisoned therein as a condition of probation for said offense in violation of Penal Code section 666. And then it again alleges the two prior convictions, the burglary conviction in the second degree out of San Mateo County which was suffered in 1990 and the second degree robbery conviction which allegedly occurred in San Francisco County of [*sic*] the 10th of September, 1987 . . . ." Appellant replied that he understood what the court was saying. The court then explained the second count and received appellant's assurance that he understood that charge, as well. Colloquy ensued: "THE COURT: So you have and I'll let you discuss this with Mr. Rojas you can if you wish at this time admit those prior convictions out of the presence of the jury and you do, however, have a right to a jury trial. [¶] You have a right to require the prosecution to present it to the jury, or you can waive that

right and admit them at this point in time and then the latter portion of each one of those charges would be stricken and would not be read to the jury. Mr. Hall, something you would like to add? [¶] MR. HALL: I was just going to inquire of the court relative to informing Mr. Witcher of his right to have a separate trial on those priors. [¶] THE COURT: He does not have a right to a separate trial on the priors as alleged within the content of the two charges. [¶] MR. HALL: Thank you. [¶] THE COURT: The 666. [¶] MR. HALL: I just wanted to make sure that was clear however you do have the right. [¶] MR. ROJAS: To stipulate them out. [¶] THE COURT: To stipulate them out as it relates to prior convictions one and two it might be somewhat confusing. I just want to make sure you understand, Mr. Witcher, to the extent that the two charges the two prior convictions are alleged as an element [*sic*] of the 666 counts that are charged against you as it relates to those two charges you can if you wish admit in open court and waive your right to require the prosecution to prove those to the jury. You then have the right to admit them in court, and once they are admitted by you then the prosecution—that's an element [*sic*] they do not have to prove but also the jury would not hear the fact and would not be brought to their attention as it relates to those two counts that you have the two prior convictions. [¶] Now, also alleged for sentencing purposes, however, is prior number one which alleges again the second degree burglary conviction . . . and prior number two the same burglary conviction which is alleged under a different code section so in essence you have the burglary conviction—strike that. The robbery conviction, 212.5 subsection (b), charged separately and distinctly as a prior conviction for the purpose of sentencing. [¶] Now, as it relates to that allegation you have the right if you wish to have a bifurcated or what is known a split hearing. In other words that you can request the right to have that not presented to the jury. Ask them not to make that decision. You can ask that if in fact under that circumstance you were convicted of the charge or one or both of the charges then you would have a separate and distinct trial, and it could be either a court trial before a judge or it could be a jury trial before a jury as it relates to those two separate allegations. [¶] [APPELLANT]: So let me . . . . [¶] THE COURT: Why don't you take some time and discuss that with Mr. Rojas. I'll give about five minutes, Mr. Rojas. (Recess Taken.) [¶] Mr. Rojas: Thank you for the recess, your honor. In discussions with Mr. Witcher, I believe that he is prepared at this time to admit the priors as they relate to counts now one and two and also to admit them as they relate to the priors under section 667 (e) (d) and 667.5 (b). [¶] THE COURT: All right. Mr. Witcher, we've had a lengthy discussion here as it relates to these prior allegations. Now based on your discussions, Mr. Rojas has indicated to me that it is your intent now to admit the prior convictions that are alleged within the amended counts one and two, and what that mean is that you would be waiving your right to require the district attorney to prove

those to the jury. By admitting those, the district attorney is not being required to prove those to the jury. However, on the other hand, the jury will not hear about those prior convictions. So do you understand that, sir? [¶] [APPELLANT]: Yes, I do. [¶] THE COURT: And so you understand by admitting the prior convictions alleged in count one and two the *only right you would be giving up* would be requiring the district attorney to prove those to the jury panel? [¶] [APPELLANT]: Yes, I do. [¶] THE COURT: And you are prepared to give up that right and to admit each of the prior convictions as alleged in counts one and two; is that correct? [¶] [APPELLANT]: Yes, I am. [¶] THE COURT: Do you have any questions about that? [¶] [APPELLANT]: I could hold them. No questions. [¶] THE COURT: Well, if you have any questions let's answer them now. [¶] [APPELLANT]: Well, it would be better for me to do my own to find out exactly what is being said *because actually this whole thing is moving a little bit too fast and I really don't understand but I'm taking my attorney's advice.* [¶] THE COURT: Well, and that's what you have an attorney for and obviously he is giving you his advice. [¶] Basically, again, just let me say again that the two counts, counts one and two, as now amended they're both allegations or charges of 666 of the—violation of 666 of the Penal Code. 666 of the Penal Code indicates that a theft occurred on a certain date and time. That's one element that the D.A. has to prove to the jury. And number two, the D.A. would have to prove that you had suffered a prior conviction. Those are two of the things he would have to prove. [¶] By admitting the fact that you have suffered the prior conviction, the D.A. would not be required to prove that to the jury and the jury would not hear about the prior conviction at all. So do you understand that? [¶] [APPELLANT]: Yes, I understand. [¶] THE COURT: And do you wish at this point to admit the prior convictions that are alleged in those two counts? [¶] [APPELLANT]: Yes, I do." (Italics added.)

### B. *The Admissions After Trial*

Later, after trial and after the jury had reached verdicts but before the verdicts were read, the following exchange occurred: "THE COURT: Recalling the matter of People of the State of California versus Glennell Witcher. The record will reflect that Mr. Witcher is present and both counsel are present. [¶] Mr. Witcher, I had asked Mr. Rojas to discuss with you a procedural issue that arises at this point in your case. I've received a note from the jury foreman indicating that they have reached a verdict on each count. Now, depending on what the verdicts are, I don't know what they are, let me explain to you the following: If they are not guilty verdicts, then we don't have any issue to address as it relates to further proceedings. If either one or both of the counts come back guilty, at that point in time, we need to decide the issue as to whether or not the prior prison allegation that is

alleged regarding the time that you spent in prison for the second-degree robbery out of San Francisco. It must be determined whether or not it is true or not true. [¶] And in that regard you have certain options. No. 1, you can require, and this is why I'm asking you, because I need to know what I'm going to tell the jury after the verdict, if one of the verdicts is a guilty verdict. I need to then tell them when we need them to do. So the options are, you can say, as it relates to proving that prior, so that a decision can be made as to whether or not it is true that you have that prior or not true, you can require the district attorney to present evidence to the jury and ask the jury to make that decision as to whether or not that prior conviction is true or not true. And they can consider the evidence that would be presented at this time regarding the prior. But they can also consider the other evidence that occurred during the trial where there was discussion about the prior. [¶] You understand that? [¶] [APPELLANT]: Yes, I do. [¶] THE COURT: Okay. So you can require and ask that the jury make that decision. And what that would mean is, is that if they come back with at least one guilty verdict, I would then instruct the jury that generally at this time this would be the time where I would excuse you, however, we still have one other issue that we're going to ask you to consider. And at that point in time, then we're going to have to explain to the jury what—what the issue is that we want them to decide and then go through a short trial as it relates to the issue of whether or not you have that prior conviction. [¶] You understand that? [¶] [APPEL-LANT]: Yes, I do. [¶] THE COURT: That's one option. [¶] The other option is, is that you can waive your right to a jury on that issue and you can ask me, the Court, to make that decision. That means it would be a court trial before me. And the prosecution is still required to present evidence as it relates to any documents that he might have regarding the prison prior. And then Mr. Rojas has an opportunity to present evidence on your behalf. And at that point in time the matter would be submitted to me to make a decision as to whether or not, in fact, you have suffered the prior conviction. And I can again consider the evidence that I heard during the trial. And also I can consider any evidence that's presented at that time. [¶] The third option is, is that you can, again, this is all providing they come back with a guilty verdict, you can waive your right to a jury trial, you can waive your right to a court trial, and you yourself can stand up and say, yeah, I suffered that prior conviction. [¶] So do you understand that? [¶] [APPELLANT]: Yes, I do. [¶] THE COURT: Did you discuss that with Mr. Rojas? [¶] [APPELLANT]: Yes, I do, but you made it a whole lot clearer, thank you. [¶] THE COURT: For once in my life. [¶] [APPELLANT]: I've reached a decision. I would like to admit the prior. [¶] THE COURT: You'd like to admit it? [¶] [APPELLANT]: Yes. [¶] THE COURT: Then what we can do, we can either do it now—why don't we wait. We'll have the jury come back, see what their decision is, and if there is a—at least one guilty verdict, then I would excuse the jury and

once they've been excused *then we can go through the proceeding* and you can admit the prior. [¶] [APPELLANT]: Okay. Thank you. [¶] THE COURT: You understand that you are waiving your right to have the jury make that decision? [¶] [APPELLANT]: Yes, I do." (Italics added.) (Following return of the guilty verdicts the court never went "through the proceeding" for admission of the prior).[3]

## C. *Analysis*

Three mistakes are revealed by the foregoing dialogues. First, appellant was never advised of his privilege against compulsory self-incrimination and his right to confront his accusers. Second, appellant did not expressly waive those rights. And third, appellant was never informed of the penal consequences of his admission of the priors.

### (1) *The Attorney General's Contentions Lack Merit*

The Attorney General concedes that there were "technical errors" in the admonitions given by the trial court but argues that at least four factors support the conclusion that appellant's admission of the priors was voluntary and intelligent under the totality of the circumstances.

The Attorney General first notes that appellant was "very familiar with his rights in the criminal justice system" as a result of his "extensive criminal history." The record before us establishes that, in addition to the two convictions noted herein, appellant was convicted of misdemeanor trespass in 1987 and misdemeanor malicious mischief in 1991. Regardless of whether or not such a criminal history should be deemed "extensive," the record does not reflect whether the convictions resulted from trials or guilty pleas. In the absence of that information, we are unable to determine whether or not appellant was ever informed on *any* occasion of his privilege against compulsory self-incrimination and/or his right to confront his accusers. We thus decline to find that appellant's prior convictions, standing alone, serve to establish that he was aware of his rights. Were we to conclude otherwise, there would be no need to admonish *any* defendant who had previously been convicted of a crime, and we decline to adopt such a rule.

The Attorney General next advances a corollary to his first argument: appellant "had to know from these proceedings and his experience in the

---

[3]Following the jury's dismissal the court formally accepted appellant's admission to the charged second-degree-robbery prior conviction both for purposes of section 667, subdivisions (c), (d) and (e) (double the base term) and for section 667.5, subdivision (b) (one-year mandatory enhancement). While the court found a "knowing and intelligent waiver of rights and free and voluntary admissions," it gave no additional admonitions nor accepted any waivers.

criminal justice system that he had a right to confront and cross-examine the witnesses against him." As reflected above, we do not view the "experience" factor to be significant—at least in the absence of a record, indicating that a defendant has been admonished of his rights in the relatively recent past or on numerous occasions in the past. The Attorney General's argument that appellant "had to know from these proceedings" is based on the fact that appellant's attorney confronted witnesses in *this* case. The Attorney General's argument misses the mark for two reasons. First, appellant's counsel's confrontation of witnesses occurred *after* appellant had admitted the priors. Thus, the knowledge imparted by such observation was gained after appellant made the initial, implied decision to waive his right of confrontation. And second, whatever merit there may be to the Attorney General's argument pertaining to the right of confrontation, it does not speak to the privilege against compulsory self-incrimination.

The Attorney General next notes that appellant was represented by counsel throughout these proceedings. The Attorney General then asserts that "the record reflects that [appellant] fully discussed the disposition of these prior convictions with his attorney on several occasions" and "that appellant had discussed with his attorney whether he should take the witness stand . . . ." We find no support in the record for the Attorney General's assertions. Moreover, to the extent that the record reflects discussions or the results of discussions between appellant and his counsel, it appears that appellant was, as he indicated, merely "taking [his] attorney's advice." In addition, when appellant was advised of his right to a jury trial on the priors (for sentencing purposes) while the jury was out, appellant indicated that, although he had discussed the various options with his counsel, the court had made the issues "clearer." Thus, we find no support in the record for the proposition that appellant's rights were explained to him by his counsel such that the shortcomings of the trial court's admonitions were rendered nonprejudicial.

The Attorney General's final argument is that the prosecution was undoubtedly "fully prepared" to prove the priors and that appellant's admission during his testimony that he was, in fact, convicted of those crimes demonstrates "the futility" of making the prosecution prove them. We fail to see the point of the Attorney General's argument. The issue to be resolved is whether or not appellant's admissions were intelligent and voluntary. Whether or not the prosecution was likely or unlikely to be able to prove the priors is irrelevant to that issue.

In sum, we find no support in the record for the proposition that appellant was advised of his privilege against compulsory self-incrimination and his

right to confront the witnesses against him with reference to the prior convictions. We also note that any implication that appellant may have understood that he had such rights is undermined by the trial court's statement that the *only* right appellant was waiving in admitting the priors was the right to trial by jury on that issue. Significantly, the Attorney General does not even discuss the effect of the failure to advise appellant of the consequences of his admission; he merely claims failure to object below waives the issue on appeal. Thus, we conclude that any implied waiver of those rights, stemming from appellant's purported admission of the priors, cannot be said to be "knowing and voluntary."

### (2) *Remand Is Necessary to Properly Determine the Truth of the Charged Prior Convictions*

██ Our conclusion that the failure of the court's admonition to render the appellant's admission knowing and voluntary leaves unresolved the ultimate resolution of this appeal. Three possibilities exist: (1) reversal of the entire judgment; (2) reversal of the sentence but not the section 666 conviction; or (3) affirmance of the convictions of petty theft but reversal of the section 666 judgment and the sentence imposed. We think the second choice most appropriate.

Neither party specifically argues that the same admonition and waiver procedure applies to a stipulation of a prior conviction and incarceration for section 666 purposes as is required for section 667, subdivisions (c), (d), and (e) purposes. Yet, appellant requests that both "the convictions under section 666, and the 'Two Strikes' sentencing" be vacated and remanded because the "trial court's overall failure to advise appellant of these penal consequences . . . supports the contention . . . that appellant's admissions were involuntary and unknowing." Since 1991 the law of California has been settled that a defendant charged under section 666 may stipulate to the prior conviction and incarceration factor and thereby preclude the jury from learning thereof. A unanimous Supreme Court in *People* v. *Bouzas* (1991) 53 Cal.3d 467 [279 Cal.Rptr. 847, 807 P.2d 1076] rejected the notion that the prior conviction and incarceration requirement of section 666 is an "element" of the crime which must "be proven to the trier of fact in open court" (see Cal. Const., art. I, § 28, subd. (f)): therefore, they held that a defendant has a "right to *stipulate* to the prior conviction and incarceration and thereby preclude the jury from learning of the fact of his prior conviction." (*People* v. *Bouzas, supra*, 53 Cal.3d at p. 480, italics added).

Because the prior convictions and incarcerations were not elements of the section 666 offense which the jury was required to determine, appellant's

pretrial "admission" of them was, in effect, a stipulation to their validity for the purpose of keeping them from the jury. Appellant has cited no authority for the proposition that a defendant must be admonished about his constitutional rights when he enters into such a self-serving stipulation, and we decline to create such authority. He has received the benefit of his bargain. The prosecution was not allowed to prove his prior felony convictions and incarcerations before the jury. We will not now countenance an after-the-fact contention that his stipulation did not meet minimum constitutional standards. Moreover, we fail to see how appellant's pretrial admissions could have had any effect on the jury's sole determination—that appellant committed petty theft on the occasions charged in the information.

We recognize that a different analysis applies where the prior convictions and incarcerations have penal consequences. Certainly, at the least, the court's failure to give proper admonitions and secure appropriate waivers requires a new sentencing hearing. None of the "three strikes" consequences of appellant's attempted admission were discussed with him. The doubling of the base term and doubling of the one-third of the midterm of the second offense—a total increase in appellant's sentence of 24 months (16 months plus 8 months), which is directly attributable to his admission, is not insignificant. (See *People* v. *Johnson* (1993) 15 Cal.App.4th 169 [18 Cal.Rptr.2d 650] and *In re Yurko, supra,* 10 Cal.3d 857.)

*Bouzas* teaches us that while priors are not an "element" of a section 666 offense, they *do* serve to raise a petty theft to a felony with attendant penal consequences. (*People* v. *Bouzas, supra,* 53 Cal.3d at p. 479.) Nevertheless we are not convinced that *Bouzas* or any other national or state authority requires that a stipulation for section 666 purposes demands the full panoply of constitutional admonitions required to properly admit charged prior convictions. Appellant can hardly claim that he was unaware a conviction of the crime charged in this information carried the possibility of felony status. He was informed of such at his preliminary hearing, by the holding order and by the information filed in superior court, as well as by his actual trial in superior court. The stipulation was effective to deny the prosecutor the opportunity to prove the priors before the jury; it should likewise be effective to elevate the theft conviction from misdemeanor to wobbler (felony/misdemeanor) status.

## II. Appellant's Claim That He Was Prejudiced by the Jury's Alleged Receipt of Improper Instructions Is Without Merit*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote *ante,* page 223.

### III. CONCLUSION

Appellant's conviction for section 666 is affirmed. This matter is remanded for trial on the issue of the truth of the charged prior conviction for purposes of enhancing the sentences under both section 667, subdivisions (c), (d), and (e) and section 667.5, subdivision (b).[5]

Reardon, J., and Hanlon, J., concurred.

A petition for a rehearing was denied January 18, 1996.

---

[5]Because the sentence is reversed and remanded, we do not decide the other sentencing errors asserted by appellant.