Filed 6/7/13

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C070271 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 09F06395, 11F03888) |
| v. | |
| JOSHUA CROSS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Greta Curtis Fall, Judge. Affirmed with directions.

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*] Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part II. of the Discussion.

1

A jury found defendant Joshua Cross guilty of felony infliction of corporal injury on the mother of his child, and misdemeanor infliction of abuse on the child (case No. 11F03888).  It was unable to reach a verdict on a charge of robbery (which the trial court dismissed on the prosecutor's motion).  The jury also sustained an allegation of a prior conviction in 2010 for inflicting corporal injury on the mother of defendant's child in 2009.  The trial court sentenced defendant to a term in state prison for the felony, with a consecutive jail term for the misdemeanor.  The trial court further found defendant in violation of the grants of probation in the 2009 incident (case No. 09F06395) and in another 2009 case (case No. 09F05116).  It imposed a consecutive state prison term in case No. 09F06395, terminating probation in case No. 09F05116.  It calculated conduct and custody credits only with respect to his current (May 2011)  offense.

On appeal, defendant argues that trial counsel's stipulation that defendant was convicted in 2010 for the 2009 incident of domestic violence was "tantamount to an admission of a prior conviction," and thus required the trial court to advise defendant of his fundamental trial rights and solicit his waiver of them before it could give effect to the stipulation.  In the published part of this decision, we conclude the stipulation to the existence of a prior conviction was not tantamount to admitting all the elements of an *enhancement*; rather, the existence of the prior conviction was instead a sentencing factor authorizing the trial court to impose a more severe *alternative sentencing scheme*.  As a result, the trial court was not required to advise defendant of his fundamental trial rights and solicit waivers of them before giving effect to the stipulation.  We shall therefore affirm the judgment in case No. 11F03888.  Defendant also maintains he was not awarded presentence credits that he had accrued in connection with case No. 09F06395.[1]

---

[1]  Although his notice of appeal includes only the case number of his current offense, we deem it to embrace case No. 09F06395 as well, which was part of the judgment from which he was appealing.  On the other hand, as he does not raise any arguments in connection with case No. 09F05116, we deem him to have abandoned any appeal in that

The People concede defendant is entitled to the credits. We shall affirm the sentence in case No. 09F06395, but as we explain in the unpublished part of the decision, we must remand for the trial court to calculate the conceded credits because the record on appeal is unclear.

The circumstances underlying defendant's present or prior convictions are not relevant to his contentions. We therefore omit any factual summary and proceed to the Discussion.

## DISCUSSION

### I. Advisements and Waivers Were Not Necessary to Effect Stipulation

Before trial, the prosecutor successfully moved to admit defendant's prior acts of domestic violence against the victim, including the August 2009 incident that resulted in his conviction in case No. 09F06395. At trial, the prosecutor submitted a stipulation with the defense, which recited that defendant had been convicted in January 2010 for an incident of domestic violence in August 2009 with the same victim as the current offense. The court later instructed the jury that it must accept the facts in a stipulation as true, and that the People had the burden of proving a prior conviction for domestic violence beyond a reasonable doubt (but reminding the jury that the fact of the prior conviction had been the subject of a stipulation). Defendant argues on appeal that before accepting the stipulation, the trial court should have advised him of his fundamental trial rights and solicited his waiver of them.

Because courts will not presume on a silent record that a defendant pleading guilty—an act that constitutes a conviction of itself—knowingly and intelligently waived the right to a jury, the right of confrontation, and the right against compulsory self-

---

case. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 732, p. 798 & § 739, p. 806.)

incrimination, a trial court in accepting a guilty plea must expressly advise the defendant of these rights and solicit a waiver of them on the record.  (*In re Tahl* (1969) 1 Cal.3d 122, 132-133, applying *Boykin v. Alabama* (1969) 395 U.S. 238, 242 [23 L.Ed.2d 274].)  This process of advisement and waiver applies as well in circumstances "tantamount to a plea of guilty" where conviction is the inevitable result, such as submitting the issue of guilt on a preliminary hearing transcript lacking any defense to the charges.  (*People v. Adams* (1993) 6 Cal.4th 570, 576 (*Adams*).)  This rule applies to both substantive offenses and enhancements.  (*Id*. at pp. 576-577.)  However, a defendant's admission of "evidentiary facts" that do not embrace *every* element of an offense or an enhancement, and which therefore leaves something "prerequisite to imposition of punishment,"[2] is not subject to the need for advisements and waivers.  (*Adams*, at pp. 577-578, 581.)  To understand defendant's argument that advisements and waivers were necessary in the present context, we quickly explain a pair of Supreme Court decisions (*People v. Newman* (1999) 21 Cal.4th 413 (*Newman*) and *Adams*, *supra*, 6 Cal.4th at p. 580) and *People v. Little* (2004) 115 Cal.App.4th 766 (*Little*), which distinguished the Supreme Court decisions.

Regarding the enhancement for committing secondary offenses while on bail for a primary offense, *Adams* concluded a stipulation to the fact of being on bail does not admit *all* the elements of the enhancement, because conviction of the primary offense is *also* an element of the enhancement (*Adams*, *supra*, 6 Cal.4th at pp. 580, 582), in contrast with the mere "prerequisite" of a conviction for the secondary offense to which the enhancement was attached (*id*. at p. 580, fn. 6).  Returning to the issue in the context of a stipulation to felon status in a prosecution for unlawful possession of a firearm, *Newman*

---

[2]  The mere possibility of jury nullification despite admission of all facts necessary for a conviction or finding is an insufficient prerequisite to conviction to obviate the need for advisements and waivers.  (*Adams*, *supra*, 6 Cal.4th at p. 580, fn. 7.)

concluded prior Supreme Court dicta regarding the need for advisements and waivers before accepting stipulations to felon status were no longer viable because this admitted only *one* of the elements of the offense. (*Newman*, *supra*, 21 Cal.4th at pp. 417, 422-423 & fn. 6.) In *Little*, the defendant stipulated that he was under the influence of a controlled substance in violation of Health and Safety Code section 11550. (*Little*, *supra*, 115 Cal.App.4th at p. 772.) *Little* rejected the People's argument that this stipulation did not embrace the mens rea of the offense (and thus did not require the process of advisement and waiver), concluding that the stipulation was not merely to being under the influence, but being under the influence *within the meaning of the statute* and thus was a complete admission of guilt. (*Id*. at p. 775.) It then held that a stipulation to all of the elements of an offense must include advisements and waivers to be effective (*id*. at pp. 776-778), explaining this was in fact the necessary implication of *Adams* and *Newton* both focusing on whether the stipulations at issue were tantamount to a guilty plea.

Penal Code section 273.5, subdivision (e)(1) (hereafter § 273.5(e)(1))[3] provides in pertinent part that "Any person convicted of violating this section for acts occurring within seven years of a previous conviction under subdivision (a)" is subject to a sentencing triad of two, four, or five years (as opposed to the two, three, or four years otherwise specified in subdivision (a) of the statute). Based on the principles we have just outlined, defendant therefore claims that his stipulation admitted the only element of what he terms is a recidivist "enhancement" of his current offense, because conviction of the underlying present offense is a mere prerequisite under *Adams*. The People, other than adverting to the possibility of nullification (a point that *Adams* rejected, as we noted) and attempting to argue defendant somehow retained his fundamental constitutional rights with respect to the fact of his prior conviction for domestic violence, do not

---

[3] Undesignated statutory references are to the Penal Code.

5

identify any element of this "enhancement" that the stipulation did not admit.  They also suggest (at length) that *Little* was wrongly decided and we should not follow it.  Based on analogous precedent, which we asked the parties to address in supplemental briefing, we conclude section 273.5(e)(1) is *not* an enhancement but is simply a sentencing factor authorizing the trial court to impose an *alternate* sentencing scheme, and therefore the principles of *Adams*, *Newman*, and *Little* do not have any application to defendant's stipulation.

Section 666 gives a trial court discretion to treat a conviction for petty theft as a felony upon proof that a defendant has prior convictions for petty theft or other theft-related offenses that resulted in imprisonment.  *People v. Witcher* (1995) 41 Cal.App.4th 223 (*Witcher*), cited with approval in *Newman*, *supra*, 21 Cal.4th at page 423, involved a defendant's stipulation to the existence of previous theft-related convictions resulting in imprisonment in order to prevent the jury from receiving evidence about them at trial. (*Witcher*, *supra*, 41 Cal.App.4th. at pp. 226, 228-229.)  Based on precedent that the recidivist factor in section 666 was *not* an element of any offense and thus properly subject to a stipulation to keep the fact out of evidence, *Witcher* concluded the requirement of advisements and waivers (that we have described above) did not apply to such a stipulation, particularly where the stipulation had resulted in a benefit to the defendant of excluding otherwise admissible evidence about his prior offenses and an offsetting detriment to the prosecution of denying it the opportunity of proving the prior offenses to the jury.  (*Witcher*, at pp. 233-234.)  *People v. Robinson* (2004) 122 Cal.App.4th 275 reiterated this theme.  It held that not only did section 666 *not* establish a substantive offense, it also did *not* establish an enhancement; rather, it established an alternate sentencing scheme with an elevated punishment for recidivist thieves.  (*Robinson*, at p. 281.)  As a result, an information can be amended to allege the applicability of section 666 even if the prosecution had not introduced evidence of the

prior convictions at the preliminary hearing. (*Robinson*, *supra*, 122 Cal.App.4th at pp. 281-282.) *People v. Murphy* (2001) 25 Cal.4th 136, 155, in drawing an analogy to section 666 in the context of section 654, also unequivocally held that section 666 "does not establish an enhancement, but establishes an alternate and elevated penalty." (Accord, *People v. Tardy* (2003) 112 Cal.App.4th 783, 787, fn. 2 (*Tardy*) [holding as a result the defendant could be punished under section 666 even if statute not itself alleged in the information]; cf. *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 899 [§ 186.22, subd. (d) is not an enhancement "because it does not add an additional term of imprisonment to the base term" and is instead an alternate sentence].)

The issue has not, as far as we can determine, been the subject of any holding under section 273.5(e)(1).[4] However, the nature of section 273.5(e)(1)'s provision for an alternate sentencing scheme with elevated punishment for repeat offenders convicted of domestic violence convinces us that the authority decided under section 666 is properly analogous.

In defendant's supplemental response, he first attempts to distinguish *Witcher* (and section 666) on the ground that section 666's alternative sentencing scheme requires proof of both a conviction *and* a term of incarceration. This simply begs the question: If neither section 666 nor section 273.5(e)(1) is an offense or an enhancement, then it does not matter whether a stipulation admits fewer than all of the criteria for the imposition of the alternative sentencing scheme. Similarly, that his stipulation to a prior conviction has "penal consequences" ignores the *actual* distinction drawn in the case between admitting

---

[4] Interpreting an ambiguous record in the course of concluding that the trial court imposed an unauthorized sentence, *People v. Price* (2004) 120 Cal.App.4th 224, 242, described section 273.5(e)(1) as an "offense" that "include[s] the element of a prior conviction" (italics omitted). As this was dicta without any thorough analysis of the proposition announced or compelling logic in its support, we do not find it persuasive. (*People v. Smith* (2002) 95 Cal.App.4th 283, 300.)

a prior conviction for purposes of an alternative sentencing scheme and for the *enhancement* in section 667.  (*Witcher*, *supra*, 41 Cal.App.4th at p. 234.)  It is true that, unlike in *Witcher*, defendant's stipulation did not result in the benefit of keeping the facts of the prior conviction out of evidence.  But "benefit" does not play any part in the analysis of *Adams*, *Newman*, and *Little*, and thus its apparent absence in the present case is irrelevant for our present purposes.  By the same token, the fact that Witcher received *some* advisements does not play any part in the holding (because the opinion nevertheless found these to be manifestly inadequate (*Witcher*, *supra*, 41 Cal.App.4th at pp. 232-233)) and thus the *complete* absence of advisements in the present case is irrelevant.  Finally, *Witcher* does not in any sense "suggest[]" that express advisements of penal consequences are required, since the opinion found sufficient notice of these consequences from the inclusion of a reference to section 666 and the facts of prior convictions in the allegations of the information (*Witcher*, at pp. 226, 234), *as is true here* with respect to section 273.5 and the prior conviction.

Defendant next argues we should follow the reasoning of the Fifth Appellate District in *People v. Shippey* (1985) 168 Cal.App.3d 879, which required advisements and waivers before a defendant could be allowed to testify to the existence of a prior conviction for petty theft.  (*Id.* at pp. 888-889.)  However, *Shippey* did not consider the distinction at issue *here* between an alternative sentencing scheme and an enhancement.  It simply cited to precedent that involved the admission of a prior conviction for purpose of an enhancement and concluded, "This reasoning appears equally applicable to the instant case."  (*Id.* at p. 888.)  It therefore does not have any significance to us that neither *Adams* nor *Newman* disapproved *Shippey* (as defendant points out).

We recognize, as defendant argues, that the issue in *Tardy* arose in a different context than in the present case.  However, it was *necessary* to *Tardy*'s holding to conclude that section 666 did not create a substantive *offense* of "petty theft with a prior"

8

but was instead a sentencing factor authorizing the imposition of an alternative sentence (and therefore only the prior theft-related convictions needed to be alleged) *because otherwise the failure to allege section 666 in the information would have precluded punishment pursuant to it*. (*Tardy*, *supra*, 112 Cal.App.4th at pp. 787-788 & fn. 2.) *Tardy* thus properly stands for that proposition (as does *Robinson* for the same reason). As for the statement in *Robinson* that section 666 "operates in the same manner" as recidivist enhancements, this again does not "suggest[]" that the need for advisements and waivers should apply, as defendant claims. Merely because an alternative sentencing scheme has the same *effect* as an enhancement does not mean it must be treated the same way, and *Robinson* in fact did *not* treat section 666 as if it were an enhancement (for which evidence must be introduced at a preliminary hearing in order to allow amendment of an information to include it).

We therefore conclude a stipulation to a prior conviction for domestic violence for purposes of section 273.5(e)(1) does not require a trial court to engage in the advisement and waiver process, as defendant asserts. Having rejected the underlying premise of his argument, we do not find any error.

## II.  Presentence Custody Credits[*]

Defendant entered his plea of no contest in case No. 09F06395 in December 2009; the trial court granted probation in January 2010. In March 2011, the trial court found that defendant had violated probation based on an incident of domestic violence the previous month; it reinstated defendant on probation, conditioned on a 60-day jail term. Against the jail term, the trial court credited defendant with 25 days of custody he had served in connection with the August 2009 incident and 24 days of conduct credit. As

---

[*]  See footnote, *ante*, page 1.

9

noted above, the trial court in sentencing defendant to state prison did not calculate any presentence credits for case No. 09F06395.

Defendant maintains he is entitled to have the 25 days of custody credit and 24 days of conduct credit that the trial court identified in March 2011 credited against his consecutive term for case No. 09F06395. The People concede the issue. While we agree in theory, the present record does not allow us either to accept the 49 days to which the parties have stipulated or to determine the correct amount of custody credit, so we must remand for the trial court to make the proper calculation.

In the first place, the record does not identify the *dates* of defendant's custody. If it occurred in 2009 (close in time to the incident), he would have accrued conduct credits at the lower rate of two days for every four-day period of custody. (Former § 4019, subds. (b) & (c) [see Stats. 1982, ch. 1234, § 7, p. 4553]; *People v. Brown* (2012) 54 Cal.4th 314, 318, 322 [regardless of time of sentencing, conduct credits accrue at rate in effect at time of custody].) If it occurred after January 25, 2010, but before September 28, 2010, defendant would have accrued conduct credit at the rate of one day for every two-day period, as the trial court apparently calculated. (Former § 4019, subds. (b)(1) & (c)(1) [see Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 50].) And if it occurred between September 28, 2010, and the March 2011 hearing, he would have accrued conduct credit at the rate of one day for every day of custody. (Former § 2933, subd. (e)(1) [see Stats. 2010, ch. 426, § 1].) We cannot resolve this question on appeal.

In addition, a defendant is ordinarily entitled to credit against a subordinate term resulting from a probation violation for any period of custody imposed as a condition of that probation. (*People v. Riolo* (1983) 33 Cal.3d 223, 226, 228-229; *People v. Cooksey* (2002) 95 Cal.App.4th 1407, 1414.) It would appear from the record that defendant was supposed to be in custody for an additional 11 days before the present May 2011 incident as a condition of reinstatement on probation (after his accrued credits were deducted from

10

the 60-day jail term).  He would thus *appear* to be entitled to an additional 11 days of custody credit with conduct credit at a rate again of one day for every one day of custody (former § 2933, subd. (e)(1) [see Stats. 2010, ch. 426, § 1]), unless there is some fact not disclosed in the record for denying him this credit for the ordered 11 days of custody.

Given the uncertainties in the record and the unexplained omission of the other 11 days of custody from the calculation of the parties, we cannot give defendant the remedy he requests.  The better course of action is to remand the matter to the trial court for a proper determination of the facts that are relevant to the calculation of the presentence credits to which defendant is entitled for his subordinate term in case No. 09F06395. [END OF NONPUB. PT. II.]

## DISPOSITION

The judgment in case No. 11F03888 is affirmed.  The sentence is affirmed and the matter is remanded in case No. 09F06395 for a calculation of the proper amount of custody and conduct credits.  The trial court shall thereafter prepare an amended abstract of judgment and forward a certified copy to the California Department of Corrections and Rehabilitation.  **(*CERTIFIED FOR PARTIAL PUBLICATION*)**


                                                          BUTZ                    , Acting P. J.


We concur:



            MAURO            , J.



            HOCH            , J.

11