[No. F015828. Fifth Dist. Dec. 10, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD LLOYD ROBERTSON, JR., Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Facts and parts I and III of Discussion.

**COUNSEL**

Raymond L. Girard, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General,

Roger E. Venturi and Gregory W. Baugher, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THAXTER, J.**—Appellant Harold Lloyd Robertson, Jr., was convicted by a jury of robbery (Pen. Code,[1] § 212.5, subd. (b)) with a personal firearm use enhancement (§ 12022.5; count 1), possession of a firearm by an ex-felon (§ 12021, subd. (a); count 3), possession of stolen property (§ 496, subd. 1; count 9), and conspiracy to commit second degree robbery (§§ 182, subd. (a)(1)/212.5, subd. (b); count 10). The jury acquitted appellant on a second robbery count. It found true four of five overt acts alleged in the conspiracy count. In a bifurcated hearing, the trial court found that appellant had suffered a prior serious felony conviction (§ 667, subd. (a)) and had served three prior prison terms within the meaning of section 667.5, subdivision (b).

Appellant was sentenced to prison for 14 years and 8 months on the current charges. The court designated the sentence imposed in an earlier case (No. 40773A) as the subordinate term, stayed all but one year and four months of that term, and ordered it to run consecutively to the principal term.

On appeal appellant asserts he was denied effective assistance of counsel because of his trial attorney's failure to present the testimony of several witnesses appellant claims would have supported his alibi and mistaken identity defenses. He also claims the trial court committed reversible error when it accepted a stipulation as to appellant's ex-felon status without advising and obtaining personal waivers of the right to confrontation and the privilege against self-incrimination. Finally, he complains the judgment as entered did not reflect the correct number of presentence custody credits to which he was entitled in case No. 40773A.

We conclude the ineffective assistance of counsel claim lacks merit. While the court erred in receiving the stipulation of ex-felon status without full advisements and waivers, reversal is not required because it is not probable appellant was prejudiced by the error. We agree the judgment does not award appellant all credits to which he was entitled, and we remand solely for a redetermination of credits.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

FACTS*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

DISCUSSION

I.  *Appellant was not denied effective assistance of counsel.* *

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

II.  *Failure to comply with the Boykin/Tahl requirements as to appellant's admission of ex-felon status was harmless error.*

Count 3 of the information charged appellant with being an ex-felon in possession of a firearm during the robbery of the Foot Locker store in Bakersfield on November 19, 1989. At the start of trial, the following exchange occurred between counsel, appellant and the trial court:

"THE COURT: . . . Mr. Carter, I think the only other issue we need to resolve before the voir dire of the jury is with respect to bifurcating priors and if the defendant is going to stipulate to felonies as to the issue of ex-felon in possession of a firearm.

"MR. CARTER [defense counsel]: Yes, your Honor, I believe the defendant will be willing to stipulate to the priors for the purpose of the ex-felon in possession.

"THE COURT: Specifically, you are stipulating that the jury can be advised that it is a fact Defendant Robertson—

"MR. CARTER: Has been convicted of a felony prior to this incident.

"THE COURT: Is that sufficient?

"MR. WHITE [prosecutor]: That is fine with me as long as the Court is satisfied with the waiver of that element.

"THE COURT: All right, we will have to take a waiver from the defendant is your point?

"MR. WHITE: I am not sure if you have to or not, but he is basically admitting one element of the offense.

_____

*See footnote, *ante,* page 835.

"THE COURT: Let's briefly confirm for the record, Mr. Carter, have you discussed with your client the effect of waiving his right to a jury trial or court trial as to the issue of whether or not he has previously been convicted of a felony for purposes of the count alleging that he is an ex-felon in possession of a firearm?

"MR. CARTER: Yes, your Honor, I had an opportunity to briefly discuss that prior to bringing the jury in.

"THE COURT: And you advised him if the People are going to prove their case in front of the jury they have a right to put on evidence of his prior convictions unless he stipulates to the prior convictions as a fact?

"MR. CARTER: Yes, your Honor.

"THE COURT: Your client has reason to wish to not have the jury learn about the specifics of those prior felonies?

"MR. CARTER: That is correct.

"THE COURT: Mr. Robertson, have you had that discussion with your attorney?

"DEFENDANT ROBERTSON: Yes.

"THE COURT: Do you feel you have adequately discussed with him all the ramifications you're stipulating to the fact of the prior convictions so that the jury doesn't learn the specifics of those facts on the allegation that you were a felon in possession of a firearm?

"DEFENDANT ROBERTSON: Yes.

"THE COURT: Do you concur with your attorney's decision?

"DEFENDANT ROBERTSON: Yes.

"THE COURT: Do you waive your right to have a jury decide that issue?

"DEFENDANT ROBERTSON: Yes.

"THE COURT: That is sufficient for the Court. I will accept that waiver. [¶] Mr. White, anything further?

"MR. WHITE: No.

"THE COURT: Do you stipulate?

"MR. WHITE: Yes.

"THE COURT: The Court accepts the stipulation of the fact the defendant previously suffered a felony conviction. That will be relevant to the count involving felon in possession of a firearm."

Appellant contends the conviction on count 3 must be overturned because the trial court did not obtain the necessary *Boykin/Tahl* waivers[4] before taking the stipulation, relying exclusively on *People* v. *Hall* (1980) 28 Cal.3d 143, 157 [167 Cal.Rptr. 844, 616 P.2d 826].

■ Pursuant to the principles set forth in *Boykin* and *Tahl*, before a trial court may accept an accused's admissions of guilt, express and specific admonitions and personal waivers as to *each* of the rights to trial, confrontation, and cross-examination, and the privilege against self-incrimination, must be given and received, or an admission or plea cannot be regarded as having been intelligently and voluntarily made. The record must reflect both the admonitions and the waivers. (*In re Yurko* (1974) 10 Cal.3d 857, 865 [112 Cal.Rptr. 513, 519 P.2d 561]; *People* v. *Wright* (1987) 43 Cal.3d 487, 491-493 [233 Cal.Rptr. 69, 729 P.2d 260]; *People* v. *Stuckey* (1988) 199 Cal.App.3d 876, 881 [245 Cal.Rptr. 225]; *Axness* v. *Superior Court* (1988) 206 Cal.App.3d 1489, 1497 [255 Cal.Rptr. 896].) Although advisements do not have to be given in their literal constitutional terminology, they must be explained to the accused. Advisements must be such that they communicate to the average layperson the essential character of the constitutional right he or she is waiving. (*People* v. *Lucky* (1988) 45 Cal.3d 259, 284-285 [247 Cal.Rptr. 1, 753 P.2d 1052].) Here, the record reflects appellent was advised of and waived his right to a jury trial, but the trial court did not give or receive waivers on the remaining rights identified in *Boykin* and *Tahl*.

Appellant did not enter a plea of guilty to the charge or admit to a particular crime. Instead, appellant admitted one element of the offense charged. The issue is thus whether *Boykin/Tahl* advisements are required and, if so, what is the consequence of a failure to give them. The issue was addressed in *People* v. *Hall*, *supra*, 28 Cal.3d at page 157, footnote 9.

In *Hall*, the question was whether a defendant could stipulate to his status as an ex-felon when charged with possession under section 12021 and therefore keep his prior convictions from the jury. Our state Supreme Court

---

[4]*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] and *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

held the defendant could. In its analysis, the court, in footnote 9, stated as follows:

"For future guidance, the court notes that a stipulation such as the one offered here shares several key characteristics with the admission of a prior conviction alleged for enhancement purposes (see, e.g., *In re Yurko* (1974) 10 Cal.3d 857 []), and with the submission of a case for decision on the basis of a preliminary hearing transcript with reservation of the rights to testify, to present additional evidence, and to cross-examine witnesses. (See, e.g., *Bunnell v. Superior Court* (1975) 13 Cal.3d 592 [].) Such a stipulation relieves the prosecution of the burden of proving the existence of a valid prior conviction beyond a reasonable doubt. [Citation.] It involves the partial waiver of significant constitutional rights. [Citation.]

"As this court observed of partial submissions in *Bunnell v. Superior Court, supra,* 'the objectives of [*Boykin-Tahl*] requirements, i.e., assurance that the defendant is aware of his basic constitutional rights, that his waiver is both voluntary and intelligent, and that his decision to waive these rights is made with an understanding of the consequences thereof, are no less important when the defendant surrenders all or substantially all of those rights . . . [but] contests his guilt by reserving the right to present additional evidence or to present legal argument in defense of the charge.' [Citations.] That observation is equally appropriate where, as here, the accused concedes the status element of a section 12021 charge. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . .

"Therefore, trial courts in the future would be well-advised to assure the record adequately reflects the fact that a defendant is advised of any constitutional rights waived when stipulating to the status of an ex-felon. He should be informed as to the nature and the consequences of the stipulation. . . ." (*People v. Hall, supra,* 28 Cal.3d at p. 157, fn. 9.)

Respondent points out that *Hall* has been narrowly construed and described as dictum. (See *People v. Ramirez* (1990) 50 Cal.3d 1158, 1184, fn. 13 [270 Cal.Rptr. 286, 791 P.2d 965]; *People v. Wright* (1990) 52 Cal.3d 367, 407 [276 Cal.Rptr. 731, 802 P.2d 221]; *People v. Lang* (1989) 49 Cal.3d 991, 1038 [264 Cal.Rptr. 386, 782 P.2d 627].) The Supreme Court has not, however, expressly overruled or disapproved the *Hall* statement. Thus, respondent tacitly concedes the trial court committed error under *Hall*, but urges us to apply a *Watson*[5] test and conclude that reversal is not required.

---

[5]*People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].

We know of no California case expressly determining whether *Hall* error is reversible per se or subject to a prejudice analysis. In *People* v. *Turner* (1983) 145 Cal.App.3d 658, 671 [193 Cal.Rptr. 614], the court reversed without discussing the issue. Subsequent decisions by the Supreme Court, however, suggest that reversal is not required without a showing of prejudice.

In *People* v. *Wright, supra,* 43 Cal.3d 487, 491-493 (*Wright I*), our Supreme Court, without reference to *Hall,* stated the failure to advise and obtain waivers of constitutional rights is per se reversible error when the defendant's submission on a preliminary hearing transcript is a "slow plea" but is subject to the *Watson* standard when the submission is not tantamount to a guilty plea. (See also *People* v. *Robertson* (1989) 48 Cal.3d 18, 41 [255 Cal.Rptr. 631, 767 P.2d 1109].)

In a later case, *People* v. *Wright, supra,* 52 Cal.3d at page 407 (*Wright II*), the court expressly addressed *Hall.* The court considered the trial court's failure to give advisements before accepting a stipulation of facts relevant to two enhancement allegations (the victim's age and the defendant's parole status). The court stated:

"Even if we were to assume that this dictum in *Hall* should properly be extended to the stipulations at issue here, reversal would not be warranted. In *People* v. *Wright* (1987) 43 Cal.3d 487 [], we held that when a defendant's submission or stipulation is not tantamount to a guilty plea, '[a] trial court's failure to comply with [a] judicial rule of criminal procedure [like that articulated in *Hall*] requires reversal only if it is reasonably probable a result more favorable to the defendant would have been reached if he had been properly advised. [Citations.]' (43 Cal.3d at p. 495, fn. omitted.)" (*Wright II, supra,* 52 Cal.3d at p. 407.)

■ Any distinction between the stipulation in *Hall* and the one in *Wright II* is insignificant. In each case the stipulation was to facts constituting an element of a charged offense or an enhancement but was not tantamount to a guilty plea. *Hall* does not expressly state what standard is to apply in these cases. *Wright II* applied the *Watson* standard. We conclude that *Hall* error is reversible only if prejudice is shown under *Watson,* i.e., only if it is reasonably probable a result more favorable to the defendant would have been reached had proper advisements been given.

■ Under the *Watson* standard, appellant can show no prejudice. Appellant only admitted *one element* of the offense charged in order to prevent the jury from hearing the nature of his prior conviction. The stipulation was a

routine tactical choice. The prior conviction could easily be proven by reference to standard sources. (See *Wright II*, *supra*, 52 Cal.3d at p. 407.)

III.   *Appellant is entitled to proper custody credits.**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### DISPOSITION

The matter is remanded to the trial court with directions to amend the judgment to award appellant presentence credits as required by the views expressed herein and in *People* v. *Lacebal* (1991) 233 Cal.App.3d 1061 [285 Cal.Rptr. 6]. In all other respects the judgment is affirmed.

Stone (W. A.), Acting P. J., and Ardaiz, J., concurred.

---

*See footnote, *ante*, page 835.