87 Cal.Rptr.2d 474 (1999)
981 P.2d 98
21 Cal.4th 413
The PEOPLE, Plaintiff and Respondent,
v.
William NEWMAN, Defendant and Appellant.
No. S072560.
Supreme Court of California.
August 16, 1999.
*475 Tracy J. Dressner, La Crescenta, under appointment by the Supreme Court, for Defendant and Appellant.
Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson and David P. Druliner, Chief Assistant Attorneys General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey, Susan D. Martynec and Russell A. Lehman, Deputy Attorneys General, for Plaintiff and Respondent.
GEORGE, C.J.
This case presents the question whether, in a prosecution for possession of a firearm by a felon (Pen.Code, § 12021, subd. (a)), a defendant must be advised of and waive certain rights set forth in Boykin v. Alabama (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, In re Tahl (1969) 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449, and In re Yurko (1974) 10 Cal.3d 857, 112 Cal. Rptr. 513, 519 P.2d 561 (hereafter frequently referred to as Boykin-Tahl advisements) prior to stipulating to his or her status as a felon.[1] The issue has spawned conflicting pronouncements from this court (compare People v. Adams (1993) 6 Cal.4th 570, 581, 24 Cal.Rptr.2d 831, 862 P.2d 831 (Adams), and People v. Hall (1980) 28 Cal.3d 143, 157, fn. 9, 167 Cal.Rptr. 844, 616 P.2d 826 (Hall) and from the Courts of Appeal (compare People v. Robertson (1992) 11 Cal.App.4th 835, 840-842, 14 Cal. Rptr.2d 572 (Robertson), People v. Turner (1983) 145 Cal.App.3d 658, 670-671, 193 Cal.Rptr., 614 (Turner), disapproved on another point in People v. Majors (1998) 18 Cal.4th 385, 411, 75 Cal.Rptr.2d 684, 956 P.2d 1137, and People v. Fisk (1975) 50 Cal.App.3d 364, 371, 123 Cal.Rptr. 414). We granted the People's petition for review to resolve the conflict in these holdings.
For the reasons that follow, we conclude that the question whether a defendant must be given the Boykin-Tahl advisements prior to stipulating to his or her status as a felon is controlled by the reasoning of this court's decision in Adams, supra, 6 Cal.4th 570, 24 Cal.Rptr.2d 831, 862 P.2d 831, holding that a defendant validly may "stipulate to one or more, but not all, of the evidentiary facts necessary to a conviction of an offense or ... an enhancement," without first having received such advisements. (Id., at p. 581, 24 Cal.Rptr.2d 831, 862 P.2d 831.) We therefore overrule the contrary statements in Hall, disapprove the Court of Appeal decisions in Robertson and Turner, reverse the judgment of the Court of Appeal in the present case, and remand this matter to the Court of Appeal for consideration of defendant's other claims of error.

I
On February 7, 1997, as Los Angeles Police Officers Michael Lange and Isaac Galloway watched from an unmarked police vehicle, defendant rode his bicycle in a manner that caused a motor vehicle to veer over the center line in order to avoid hitting him. Galloway thereafter activated a hand-held red light and, using the car's public address system, Lange told defendant to "Stop your bike, get off it, put your hands behind your head." Defendant looked at the officers and kept going. Lange repeated the command. The front tire of the bicycle struck a curb, causing defendant to fall off his bicycle. As he fell, defendant dropped a .22-caliber blue steel revolver. It was fully loaded with six rounds. Lange recovered the revolver, as well as nine .22-caliber bullets strewn around defendant.
Defendant had suffered numerous prior felony convictions, including a 1974 conviction for second degree murder. The prosecutor charged defendant with being a felon in possession of a firearm (§ 12021, *476 subd. (a)(1)).[2] For purposes of sentence enhancement, the prosecutor also charged defendant with having been convicted of six prior violent or serious felonies.
At defendant's request, his trial was bifurcated. During the first phase of the trial proceedings  after the prosecution had presented evidence of the police officers' discovery of the firearm  defendant stipulated through his counsel, in front of the jury, to having been previously convicted of an unspecified felony. The stipulation occurred through the following colloquy:
"The Prosecutor: [Defense counsel], does the defense stipulate in this case that the defendant, Mr. Newman, has been previously convicted of a felony[?]
"Defense Counsel: So stipulated.
"The Court: Ladies and gentlemen, that stipulation is received into evidence by the court."
In accepting the stipulation, the trial court did not advise defendant of any rights or obtain any waivers. It is the trial court's failure to provide advisements or obtain a waiver at this stage of the proceeding that forms the basis for defendant's claim of error.
After both the prosecution and the defense rested at the initial phase of the trial, the trial court instructed the jury: "In this case, the previous felony conviction has already been established by stipulation[,] so no further proof of that fact is required. You must accept as true the existence of this previous felony conviction. [¶] In order to prove [the] crime [of which defendant is charged], each of the following elements must be proved: ... [¶] The person previously convicted of a felony had in his possession or under his control a firearm. And two, the defendant had knowledge of the presence of said firearm."
After deliberations, the jury found defendant guilty of the charged offense of violating section 12021.
Following the jury's guilty verdict on the substantive offense, defendant entered into a plea agreement in which he waived his right to a jury trial on the prior conviction allegations, and admitted as true the allegations that he had suffered six serious or violent felony convictions within the meaning of the "Three Strikes" law, in exchange for which the prosecution agreed not to request five 1-year enhancements (§ 667.5, subd. (b)), and not to seek any additional time beyond a sentence of twenty-five years to life. (§§ 667, subds.(b)-(i), 1170.12, subds. (a)-(d).) The trial court stayed the enhancements and sentenced defendant to a prison term of 25 years to life. This second phase of the trial proceedings is not at issue here,
Defendant appealed. The Court of Appeal reversed the judgment and remanded the matter for a new trial, based on its conclusion that defendant's stipulation to his status as a felon was invalid because the trial court had not given defendant the Boykin-Tahl advisements and had not obtained, prior to accepting the stipulation, a waiver of the rights set forth in those decisions. We granted the People's petition for review.

II
As noted, defendant stipulated to his status as a felon for purposes of the charge that he violated section 12021, subdivision (a), by being a felon in possession of a firearm. The record contains no express advisement or waiver of defendant's constitutional rights to a jury trial, against compulsory self-incrimination, and to confront his accusers, as set forth in Boykin v. Alabama, supra, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (Boykin), In re TahL supra, 1 Cal.3d 122, 132, 81 Cal. Rptr. 577, 460 P.2d 449 (Tahl), and In re *477 Yurko, supra, 10 Cal.3d 857, 863-864, 112 Cal.Rptr. 513, 519 P.2d 561 (Yurko.)[3]
In the Court of Appeal, defendant contended that the stipulation was invalid, and that his conviction must be reversed, because the trial court did not advise him of his constitutional rights. In accepting defendant's argument and reversing the judgment, the Court of Appeal relied upon footnote 9 in Hall, supra, 28 Cal.3d 143, 167 Cal.Rptr. 844, 616 P.2d 826, a case in which we addressed the question whether, in a trial for being a felon in possession of a firearm, a defendant may stipulate to his status as a felon in order to keep that fact from the jury. In concluding that a defendant could stipulate to that status, we stated in footnote 9 of Hall, 28 Cal.3d at p. 157, fn. 9, 167 Cal.Rptr. 844, 616 P.2d 826 that "trial courts in the future would be well-advised" (ibid.) to provide Boykin-Tahl advisements when a defendant stipulates to his or her status as a felon as an element of the crime of being a felon in possession of a concealed firearm in violation of section 12021.
Because of its significance to the issue presently before us, we quote in full the language of footnote 9 of the decision in Hall: "For future guidance, the court notes that a stipulation such as the one offered here shares several key characteristics with the admission of a prior conviction alleged for enhancement purposes (see, e.g., In re Yurko (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561]), and with the submission of a case for decision on the basis of a preliminary hearing transcript with reservation of the rights to testify, to present additional evidence, and to cross-examine witnesses. (See, e.g., Bunnell v. Superior Court (1975) 13 Cal.3d 592 [119 Cal.Rptr. 302, 531 P.2d 1086].) Such a stipulation relieves the prosecution of the burden of proving the existence of a valid prior conviction beyond a reasonable doubt. (Cf. In re Yurko, supra, 10 Cal.3d at p. 862 [112 Cal.Rptr. 513, 519 P.2d 561].) It involves the partial waiver of significant constitutional rights. (Cf., id., at p. 863 and fn. 5 [112 Cal.Rptr. 513, 519 P.2d 561].)
"As this court observed of partial submissions in Bunnell v. Superior Court, supra, `the objectives of [Boykin-Tahl] requirements, i.e., assurance that the defendant is aware of his basic constitutional rights, that his waiver is both voluntary and intelligent, and that his decision to waive these rights is made with an understanding of the consequences thereof, are no less important when the defendant surrenders *478 all or substantially all of those rights ... [but] contests his guilt by reserving the right to present additional evidence or to present legal argument in defense of the charge.' (Id., at p. 604 [119 Cal.Rptr. 302, 531 P.2d 1086]; see also Boykin v. Alabama (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; In re Tahl (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].) That observation is equally appropriate where, as here, the accused concedes the status element of a section 12021 charge. Whether it may also apply to other factual stipulations the court need not, and does not, decide today. [Citations.]
"It is true that the decision to stipulate to the ex-felon status is a tactical one. The same can be said, however, of the decisions to plead guilty, to submit a case on the preliminary hearing transcript, or to admit prior convictions alleged for enhancement purposes. Yet Boykin-Tahl protections apply to such decisions. (But see People v. Fisk (1975) 50 Cal.App.3d 364, 371 [123 Cal.Rptr. 414].)
"Therefore, trial courts in the future would be well-advised to assure the record adequately reflects the fact that a defendant is advised of any constitutional rights waived when stipulating to the status of an ex-felon. He should be informed as to the nature and the consequences of the stipulation. Such a requirement is already in use in cases which involve the admission of prior felony convictions. (Cf. In re Tahl, supra, 1 Cal.3d at p. 133, fn. 6 [81 Cal. Rptr. 577, 460 P.2d 449].) Therefore, the practice endorsed today should not unduly burden the judicial process." (Hall, supra, 28 Cal.3d 143, 157, fn. 9, 167 Cal.Rptr. 844, 616 P.2d 826 (hereafter footnote 9)).
Footnote 9 of the opinion in Hall was dictum. (See People v. Ramirez (1990) 50 Cal.3d 1158, 1184, fn. 13, 270 Cal.Rptr. 286, 791 P.2d 965; People v. Wright (1990) 52 Cal.3d 367, 407, 276 Cal. Rptr. 731, 802 P.2d 221.) Two years after we rendered our decision in Hall, the electorate enacted Proposition 8, a 1982 initiative measure that amended the California Constitution in various respects. As amended by Proposition 8, the Constitution now provides: "When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court." (Cal. Const., art. I, § 28, subd. (f).) We previously have held that this provision was intended to "abrogate Hall's holding allowing a defendant charged under section 12021 to admit the prior felony and thereby withhold the fact of his ex-felon[] status from the jury." (People v. Bouzas (1991) 53 Cal.3d 467, 476, 279 Cal.Rptr. 847, 807 P.2d 1076; see also People v. Valentine (1986) 42 Cal.3d 170, 177-181, 228 Cal.Rptr. 25, 720 P.2d 913 [because Proposition 8 abrogated Hall, a defendant charged under section 12021 no longer may preclude the jury from learning the fact of his or her status as a felon].)
In the proceedings below, the Court of Appeal rejected the argument that Proposition 8 also abrogated footnote 9 of Hall, supra, 28 Cal.3d at page 157, 167 Cal.Rptr. 844, 616 P.2d 826, that endorsed the foregoing advisements, and suggested that the footnote "although perhaps wounded, has never been killed." The court concluded that because this court has had ample opportunity expressly to disapprove footnote 9, and has refrained from doing so, trial courts must continue to advise a defendant of his or her constitutional rights and obtain an express waiver prior to accepting a stipulation or admission of a prior conviction. As we shall explain, although footnote 9 of Hall has not been expressly disavowed or overruled, we conclude that in light of the reasoning of this court's 1993 decision in Adams, supra, 6 Cal.4th 570, 24 Cal.Rptr.2d 831, 862 P.2d 831, the analytical foundation of Hall's footnote 9 has been fatally undermined, and that continued adherence to the dictum contained in that footnote would be inconsistent with the general principles set forth in Adams.
In Adams, supra, 6 Cal.4th 570, 24 Cal. Rptr.2d 831, 862 P.2d 831, this court considered whether the Boykin-Tahl advisements *479 were required when the defendant stipulated to a factual allegation  of his having been released on bail at the time an alleged offense occurred  that was one component of the enhancement and consecutive sentencing provisions contained within section 12022.1 (felony committed while released on bail or own recognizance). The Court of Appeal in that case had held that the trial court erred in failing to give the Boykin-Tahl advisements before accepting the stipulation. Our opinion in Adams disagreed with the Court of Appeal, concluding that "because defendant's stipulation was a stipulation to evidentiary facts, not an admission that the enhancement allegation itself was true or an admission of every element necessary to imposition of punishment on the section 12022.1 charge, the Boykin-Tahl and Yurko requirements are inapplicable." (6 Cal.4th at p. 573, 24 Cal.Rptr.2d 831, 862 P.2d 831.)
Defendant contends that because Adams involved a stipulation entered with regard to an enhancement, rather than a stipulation entered with regard to an element of the charged offense, Adams is not controlling. We disagree. In examining the development of the law since Boykin-Tahl and Yurko, our decision in Adams explained: "In no case ... did we hold, or even intimate, that a defendant's admission of evidentiary facts which did not admit every element necessary to conviction of an offense or to imposition of punishment on a charged enhancement, as opposed to an admission of guilt of a criminal charge or of the truth of an enhancing allegation where nothing more was prerequisite to imposition of punishment except conviction of the underlying offense, was subject to the Boykin-Tahl or Yurko requirements. That question was not presented. When the question of evidentiary stipulation has been presented in other contexts, however, we have held that such admissions or stipulations need not be preceded by such advice and waiver of rights, and advice regarding the penalty consequences of the admission.
"In People v. Hovey (1988) 44 Cal.3d 543 [244 Cal.Rptr. 121, 749 P.2d 776], the defendant, charged with murder with a kidnapping special circumstance (§ 187; former § 190.2, subd. (c)(3)(h)), stipulated to his identity as the kidnapper and that he had done the act that led to the death of the victim. On appeal he claimed that he had, in effect, admitted the commission of second degree murder and that the trial court should have explained the potential penal consequences to him. We rejected the claim on the ground that the stipulation was not `the legal equivalent of a guilty plea or other admission that necessarily would have definite penal consequences.' (44 Cal.3d at p. 567 [244 Cal.Rptr. 121, 749 P.2d 776]; see also People v. Lang (1989) 49 Cal.3d 991, 1038 [264 Cal.Rptr. 386, 782 P.2d 627].)
"Then, in People v. Ramirez (1990) 50 Cal.3d 1158, 1184 [270 Cal.Rptr. 286, 791 P.2d 965], noting that our observation in People v. Hall (1980) 28 Cal.3d 143, 157, footnote 9 [167 Cal.Rptr. 844, 616 P.2d 826], that the admission of ex-felon status was analogous to admission of a prior in the context of Yurko, supra, 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561], was dictum, we rejected a claim that a waiver of rights was required when a defendant admits he has suffered prior convictions where the prior convictions were simply penalty phase aggravating evidence." (6 Cal.4th at pp. 577-578, 24 Cal.Rptr.2d 831, 862 P.2d 831, italics added.)
Thereafter, the court in Adams explained: "We do not agree that when a section 12022.1 enhancement is alleged a stipulation to the defendant's bail or own recognizance status is tantamount to a plea of guilty, or that the Boykin-Tahl requirements are applicable to an evidentiary stipulation which does not admit the truth of the allegation itself or every fact necessary to imposition of the additional punishment other than conviction of the underlying offense. Unless the stipulation or admission is that broad, it does *480 not have the definite penal consequences necessary to trigger the Boykin-Tahl requirements. An admission or stipulation of facts alleged in most enhancement allegations will lead to imposition of increased punishment on conviction of the underlying offense. The enhancement provided by section 12022.1 differs, however, since the enhancement is not applicable if the defendant is not convicted of the primary offense. Unless he stipulates both to the bail/own recognizance element of the enhancement and that he is guilty of or has been convicted of the primary offense, his stipulation to the former will not necessarily lead to imposition of the enhanced penalties authorized by section 12022.1." (6 Cal.4th at p. 580, 24 Cal.Rptr.2d 831, 862 P.2d 831, fn. omitted, italics added.)
We concluded in Adams: "When a defendant who has asserted and received his right to trial, and has waived none of his constitutional rights, elects to stipulate to one or more, but not all, of the evidentiary facts necessary to a conviction of an offense or to imposition of additional punishment on finding that an enhancement allegation is true, the concerns which prompted the Boykin holding are not present....
"... Nothing in [Boykin, Tahl, or Yurko] obliges the court to advise a defendant of the right to [a] jury trial, and to confrontation and cross-examination, and of the privilege against self-incrimination prior to accepting a stipulation that does no more than relieve the People of the burden of offering evidence of the existence of an element of a sentence enhancement. This is true regardless of whether the stipulation is made by counsel or by the defendant personally." (6 Cal.4th at pp. 581-583, 24 Cal.Rptr.2d 831, 862 P.2d 831, italics added.)
In view of the language and reasoning of the decision in Adams, we believe it is clear that defendant's factual stipulation to his status as a felon in the course of his trial on the charge of possession of a firearm by a felon was not subject to the Boykin-Tahl requirements. To establish the elements of the charged offense, the prosecution had the burden of proving not only that defendant had suffered a prior felony conviction, but that he owned or possessed the firearm, or had it under his custody or control. (§ 12021, subd. (a)(1).) Thus, contrary to defendant's contention that the stipulation "was tantamount to a plea of guilty because that admission provided the critical link that criminalized [defendant's] possession of a gun," defendant's stipulation merely relieved the prosecution of proving one element of the charge. Thus, as described in Adams, in this instance defendant elected "to stipulate to one ..., but not all, of the evidentiary facts necessary to a conviction of an offense ...." (Adams, supra, 6 Cal.4th 570, 581, 24 Cal.Rptr.2d 831, 862 P.2d 831.)[4] As in Adams, no penal consequences flowed directly from the stipulation, and the prosecutor still was required to prove the remaining elements of the offense. By contrast, in Yurko, supra, 10 Cal.3d 857, 112 Cal. Rptr. 513, 519 P.2d 561, the defendant's admission of the correctness of the allegation that he had suffered three prior felony convictions automatically triggered imposition of the enhancement, and the prosecution had nothing else to prove.[5]
*481 We conclude that the trial court was not required to provide the Boykin-Tahl advisements before permitting defendant, through his counsel, to stipulate during his trial for possession of a firearm by a felon that he previously had been convicted of a felony.[6] (See People v. Rodriguez (1999) 73 Cal.App.4th 1324, 1330, 83 Cal.Rptr.2d 265[*]; accord People v. Witcher (1995) 41 Cal.App.4th 223, 234, 48 Cal.Rptr.2d 421 [defendant charged with petty theft with a prior (§ 666) need not be "admonished about his constitutional rights" prior to stipulating to the existence of the prior conviction]; People v. Gaul-Alexander (1995) 32 Cal.App.4th 735, 38 Cal.Rptr.2d 176 [defendant charged with bigamy need not be given Boykin-Tahl advisements prior to stipulation that defendant, on the date she allegedly married one man, already was legally married to another].) The Court of Appeal erred in reaching a contrary conclusion.[7]

III
The judgment of the Court of Appeal is reversed, and the case is remanded to that court for consideration of defendant's other claims of error.
KENNARD, J., BAXTER, J., CHIN, J., and BROWN, J., concur.
Concurring Opinion by WERDEGAR, J.
I concur in the judgment and the majority's reasoning with the exception of footnote 4. (Maj. opn., ante, 87 Cal.Rptr.2d p. 480, fn. 4, 981 P.2d at 104, fn. 4.) It necessarily follows both from this court's reasoning in People v. Adams (1993) 6 Cal.4th 570, 24 Cal.Rptr.2d 831, 862 P.2d 831, as well as the majority's reasoning today, that a defendant who stipulates to every element of a charged offense or enhancement must be advised of and waive his or her rights in accordance with Boykin v. Alabama (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 and In re Tahl (1969) 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449. Because the majority, in footnote 4, plants a seed of doubt as to this issue when no doubt previously existed, I cannot join it.
With that exception, I concur in the majority opinion.
MOSK, J., concurs.
NOTES
[1] All further statutory references are to the Penal Code.
[2] Section 12021, subdivision (a)(1), provides in pertinent part: "Any person who has been convicted of a felony ... who owns or has in his or her possession or under his or her custody or control any firearm is guilty of a felony."
[3] In Boykin, supra, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, the United States Supreme Court held that when a trial court accepts a guilty plea, it should ensure that the record reflects that the defendant voluntarily and knowingly waived his constitutional rights to a jury trial, to confront and crossexamine witnesses, and against compulsory self-incrimination. (Id., at p. 242, 89 S.Ct. 1709.)

In Tahl, supra, 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449, we concluded that Boykin required, in every case in which a guilty plea was entered, direct evidence on the face of the record that the defendant pleading guilty "was aware, or made aware, of his right to confrontation, to a jury trial, and against selfincrimination, as well as the nature of the charge and the consequences of his plea. Each must be enumerated and responses elicited from the person of the defendant." (Id., at p. 132, 81 Cal.Rptr. 577, 460 P.2d 449; cf. People v. Howard (1992) 1 Cal.4th 1132, 1178, 5 Cal.Rptr.2d 268, 824 P.2d 1315 [In reexamining our prior understanding of Boykin, we concluded that failure to specifically articulate each of the three constitutional rights waived by a plea of guilty or admission of a prior conviction does not require reversal if the record makes clear that the "plea was voluntary and intelligent under the totality of the circumstances."].)
In Yurko, supra, 10 Cal.3d 857, 112 Cal. Rptr. 513, 519 P.2d 561, a case involving a defendant who admitted having suffered three prior felony convictions (an admission that formed the basis of defendant's being adjudged an habitual criminal under former section 644), we held that pursuant to the Boykin-Tahl requirements, a defendant who admits the truth of an alleged prior conviction for purposes of a sentencing enhancement must be advised of, and waive, his rights to trial by jury, to confront his accusers, and to remain silent. (Id., at pp. 863-864, 112 Cal.Rptr. 513, 519 P.2d 561.)
[4] Because defendant stipulated to one but not all of the evidentiary facts necessary to his conviction, we need not and do not determine what rule should apply where the stipulation admits every element necessary to sustain conviction of an offense or imposition of punishment on a charged enhancement.
[5] As noted, the instant proceedings were bifurcated (at defendant's request). We therefore reject his contention that his tactical decision to stipulate to his status as a convicted felon could be construed as having sentencing implications (e.g., establishing prior "strikes" within the meaning of the Three Strikes law). In the second phase of the trial, defendant admitted his prior felony convictions for the purpose of sentencing under the Three Strikes law, and that phase of the proceedings is not at issue in this appeal.
[6] We expressly disavow the contrary dictum set forth in Hall, supra, 28 Cal.3d 143, 157, footnote 9, 167 Cal.Rptr. 844, 616 P.2d 826, and, to the extent they are inconsistent with the conclusion set forth in this opinion, the decisions of the Courts of Appeal in Robertson, supra, 11 Cal.App.4th 835, 14 Cal. Rptr.2d 572, and Turner, supra, 145 Cal. App.3d 658, 193 Cal.Rptr. 614, are disapproved.
[*] Reporter's Note: Review granted June 30, 1999 (S078105). On August 16, 1999, review dismissed as improvidently granted and opinion ordered partially published in accord with Court of Appeal's prior publication instruction.
[7] In view of our conclusion, we need not and do not reach the People's alternate contention that, even if the trial court erred in failing to give the Boykin-Tahl advisements, the Court of Appeal erred in reversing the judgment of the trial court without first engaging in a harmless-error analysis.